**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY LEWIS,

      Plaintiff-Appellant,

v.

SPRINT NEXTEL,

      Defendant-Appellee.

No. 09-3092

District of Kansas

(D.C. No. 2:08-CV-02458-JAR-JPO)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Anthony Lewis, a pro se litigant, sued Sprint Nextel[1] ("Sprint") in federal court for breach of contract. The district court dismissed his suit for lack of subject matter jurisdiction. Months before the district court dismissed the complaint, though, Mr. Lewis had filed a motion for default judgment against Sprint as Sprint had failed to timely answer the original complaint. The

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]According to Sprint, its proper name is Sprint Spectrum L.P., not Sprint Nextel.

magistrate judge found that Sprint's failure constituted excusable neglect and extended the filing deadline. Mr. Lewis now appeals on the ground that Sprint should not have been allowed additional time to file its answer and that the court should have entered default judgment. He has not, however, provided any reason for us to question the district court's jurisdictional ruling. We must therefore affirm the decision below on the ground that the federal courts lack subject matter jurisdiction to hear this dispute.

## Discussion

Mr. Lewis alleges that Sprint breached his cellular phone contract when it reversed several of the payments on his account, eventually resulting in cancellation of his service. Sprint claims that the payments had been made with a stolen credit card, but Mr. Lewis challenges that accusation. Mr. Lewis sued Sprint in federal court, seeking $20,000 in actual damages, $60,000 in punitive damages, and an injunction requiring Sprint to remove the negative remark from his credit report.

Although his allegations essentially sounded in contract, Mr. Lewis's original complaint cited two federal statutes as grounds for federal jurisdiction: the Walsh-Healey Public Contracts Act (41 U.S.C. § 35) and the Right to Financial Privacy Act of 1978 (12 U.S.C. § 3410). The Public Contracts Act requires that contracts made and entered into by an agency or instrumentality of the federal government include certain representations, such as promises that

employees will not work more than forty hours a week.  The Right to Financial Privacy Act forbids financial institutions from releasing certain private information to government authorities absent specified conditions.  *See Bailey v. U.S. Dept. of Agriculture*, 59 F.3d 141, 142 (10th Cir. 1995).  Neither map particularly well onto Mr. Lewis's allegations.  This perhaps explains why, in his amended complaint, he removed references to these two statutes altogether and instead based federal jurisdiction on "C.J.S. SECTION 518 AND 523 ET. SEQ" and "CONTRACTS AND BREACH OF CONTRACTS."  R. 117.

The district court dismissed Mr. Lewis's complaint because the "allegations in [his] First Amended Complaint do not establish that plaintiff's claims arise 'under the Constitution, laws, or treaties of the United States' as required by 28 U.S.C. § 1331."  Dist. 5.  "C.J.S." refers to the "Corpus Juris Secundum," which is not a federal statute but a legal reference book.  The contract claim arises out of state, not federal, law.  As neither asserts a claim arising under federal law, neither can support jurisdiction under § 1331.

Without subject matter jurisdiction, Mr. Lewis's action is not properly before us and we cannot consider any aspects of his claim.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).  His appellate brief fails to even mention, let alone offer us any reason to doubt, the district court's jurisdictional decision.  Instead, he challenges only the rulings that led the district court to deny his motion for default judgment.  He therefore asks us to hold that the district court

should have entered default judgment against a defendant on a claim that it lacked jurisdiction even to hear.  Without an appeal of the threshold jurisdictional decision, none of these issues are properly before us.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.  Appellant's motion to proceed *in forma pauperis* is **DENIED** as moot.

Entered for the Court,

Michael W. McConnell
Circuit Judge
